DECISION
Plaintiff has appealed Defendant's denial of her 2006 Oregon refund. Defendant made its determination November 22, 2010, and Plaintiff appealed to this court December 10, 2010. The court held a telephone case management hearing April 11, 2011 to discuss the appeal.[1] Plaintiff appeared on her own behalf. Defendant was represented by Faith Derickson, an auditor with the Oregon Department of Revenue.
 I. STATEMENT OF FACTS
Plaintiff filed her 2006 Oregon personal income tax return with Defendant on or about October 15, 2010.[2] (Ptf's Compl at 2.) That return reported a refund of $5,232. (Id. at 1; Def's Answer at 1.) Defendant denied the refund because the return was filed more than three years after the return was due, citing ORS 314.415(2)(a). (Ptf's Compl at 3;[3] Def's Answer at 1.)
In her Complaint, Plaintiff states that she "filed for an extension for [her] 2006 tax returns." (Id. at 1.) Plaintiff requests a refund of the $5,232 amount claimed. A letter dated *Page 2 
December 3, 2010, written by Plaintiff and attached to her Complaint states that she had an extension until October 15, 2007, to file the return, and that she, therefore, had until October 15, 2010, to file her 2006 Oregon return requesting the refund. Defendant disagrees, arguing that the three-year limitation on refund requests excludes extensions.
 II. ANALYSIS
ORS 314.415(2)(a)[4] provides in relevant part:
 "The department may not allow or make a refund after three years from the time the return was filed * * * unless before the expiration of this period a claim for refund is filed by the taxpayer * * *. In any case, if the original return is not filed within three years of the due date, excluding extensions, of the return, the department may allow or make a refund only of amounts paid within two years from the date of the filing of the claim for refund. If a refund is disallowed for the tax year during which excess tax was paid for any reason * * *, the department may not allow the excess as a credit against any tax occurring on a return filed for a subsequent year."
(Emphasis added.)
Plaintiff is in error in asserting that the federal extension she apparently filed extends the time in which she can file her Oregon return and receive a refund. The statute specifically excludes extensions, as indicated by the first portion of italicized language in the statute set forth above. That provision has been a part of the law in Oregon for many years. Moreover, there is no claim or evidence Plaintiff paid any part of the refund "within two years from the date of the filing of the claim for refund." ORS 314.415(2)(a).
While Plaintiff is correct that Oregon does generally follow federal law, it need not, and does not, follow it entirely. If it did, Oregon returns would be very easy to complete and file, if even necessary, because one would presumably simply put down federal taxable income (or federal adjusted gross income, etc.) and calculate the state tax on that number. Oregon's three year limitation rule in ORS 314.415(2) on claiming refunds is one instance where the state does *Page 3 
not follow federal law. Oregon also provides certain credits that the federal government does not recognize. Among those is the credit for the elderly and persons who are permanently and totally disabled provided by ORS 316.087, the credit provided by ORS 315.469 for the use of biodiesel fuel to heat one's home, and the working family child care expense credit provided in ORS 315.262.
 III. CONCLUSION
The court concludes that Plaintiff is not entitled to the refund she claimed on her untimely 2006 Oregon income tax return because Plaintiff filed her original 2006 return in October 2010, more than three years after the due date of that return, April 15, 2007, excluding extensions. Now, therefore,
IT IS THE DECISION OF THIS COURT that Plaintiff's appeal is denied.
Dated this __ day of April 2011.
If you want to appeal this Decision, file a Complaint in theRegular Division of the Oregon Tax Court, by mailing to:1163 State Street, Salem, OR 97301-2563; or by hand delivery to:Fourth Floor, 1241 State Street, Salem, OR.
 Your Complaint must be submitted within 60 days after the dateof the Decision or this Decision becomes final and cannot bechanged.
 This document was signed by Magistrate Dan Robinsonon April 29, 2011. The Court filed and entered this documenton April 29, 2011.
[1] The hearing was originally scheduled for March 2, 2011, but the matter was rescheduled when Plaintiff failed to appear.
[2] In a letter dated December 3, 2010 and attached to her Complaint, Plaintiff indicates that the return was postmarked October 12, 2010. Defendant indicates in its Answer the return was received October 15, 2010.
[3] That document is Defendant's November 22, 2010, Notice of Proposed Refund Adjustment which includes a reference to the statute providing for the three-year limitation, ORS 314.415(2)(a).
[4] All references to the Oregon Revised Statutes (ORS) are to 2009. *Page 1